UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KHALED MOHAMED SHABBAN,<br>DOB: 1/21/65<br><br>Defendant. | Criminal No. 06-290<br>RMC/DAR |

**FILED**

**NOV 2 - 2006**

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged with international parental kidnapping in violation of 18 U.S.C. § 1204. A detention hearing was conducted on October 17, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to

United States v. Khaled Mohamed Shabban                                                                 2

order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.), cert. denied, 479 U.S. 864 (1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

### III. DISCUSSION

Both counsel proceeded by proffer. In her proffer, counsel for the government stated that the Defendant was indicted on the charge of international parental kidnapping by a grand jury on September 28, 2006. Government counsel proffered that the Defendant took his son to Egypt in violation of the applicable custody order on approximately November 1, 2004, and remained

United States v. Khaled Mohamed Shabban                                                                 3

until approximately September 25, 2006. In removing the child from the country, the Defendant used the alias of "Khaled Rashad" and also used an alias for his son.

Finally, cousnel for the government proffered that Defendant has no ties to the District of Columbia area; is not lawfully present in the United States; and that a warrant has been lodged by Immigration and Customs Enforcement as a detainer.

Defendant, through his counsel, proffered that his son was with him when he was arrested. Defendant's counsel further proffered that it was Defendant, rather than the child's mother, who made arrangements to formalize the custody and visitation issues.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the appearance of the Defendant as required. First, the nature and circumstances of the offense charged indicate that defendant has fled the country to avoid a legal commitment when he took his son out of the country in violation of the custodial agreement with the child's mother. The Defendant has thereby shown that he is willing leave the country to avoid its laws.

Second, the undersigned finds, for the reasons offered by the government in its proffer, that the weight of the evidence against the defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. In leaving the country he used an alias for himself and his son leading the court that if released, the Defendant would be a flight risk. Defendant is a citizen of Egypt, has no ties to the District of Columbia area, and was allowed to enter only to face prosecution in this action.

United States v. Khaled Mohamed Shabban                                                                 4

Finally, the undersigned finds that Defendant's apparent willingness to flout an order of the court warrants the finding that Defendant is not amenable to community supervision.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 17, 2006 Order of Detention.

```
                                            _____
                                            DEBORAH A. ROBINSON
                                            United States Magistrate Judge
```

November 2, 2006
DATE

October 17, 2006
NUNC PRO TUNC