IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-290 (RMC) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MOTION FOR NOTICE BY THE GOVERNMENT OF
ITS INTENTION TO RELY UPON OTHER CRIMES,
WRONGS, ACTS AND MISCONDUCT EVIDENCE WITH
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Khaled Mohamed Shabban, by and through undersigned counsel, respectfully moves this Court for entry of an Order directing the government to give pre-trial notice of its intention to rely upon other crimes, wrongs, acts and misconduct evidence and sets forth as follows.

Upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any evidence of other crimes, wrongs, or acts it intends to introduce at trial. Fed. R. Evid. 404(b). Courts have recognized that pretrial notice of Rule 404(b) material is required so that a defendant is not subjected to a "trial by ambush." See, United States v. Kelly, 420 F.2d 26, 29 (2nd Cir. 1969). Mr. Shabban seeks pre-trial disclosure of the Government's intention to rely upon Rule 404(b) in order to afford himself reasonable time to challenge the admissibility of such evidence.

The right of the accused to be advised of Rule 404(b) evidence prior to trial arises from basic rights under the Fifth and Sixth Amendments. These include the right to notice of the nature and cause of the accusation, the right to prepare a defense, the right to

1

confrontation of witnesses, the right to effective assistance of counsel, and the right to due process of law.  These guarantees are frustrated if a defendant does not receive notice of Rule 404(b) evidence until it is offered against him at trial.  United States v. Baum, 482 F.2d 1325 (2nd Cir. 1973).  In Baum, the court reversed a conviction for possession of stolen goods when the defendant's motion for pre-trial notice of Rule 404(b) evidence was denied.  The court found that the defendant had little or no opportunity to meet the impact of the Rule 404(b) evidence when confronted with it in the midst of trial. Id. at 1331.  Similarly, in Riggs v. United States, 280 F.2d 750, 753 (5th Cir. 1960), the court of appeals strongly condemned nondisclosure of a transaction not included in the indictment but "saved to be used as a surprise knockout blow."  See also, United States v. Paone, 782 F.2d 386, 395 (2nd Cir. 1986).

      This Court, as well as Mr. Shabban, has a stake in pretrial disclosure of the Government's intention to interject 404(b) evidence into the trial.  Pre-trial notice of Rule 404(b) evidence will help prevent delay in the proceedings if questions of admissibility arise.

## **CONCLUSION**

For the reasons set forth above, Mr. Shabban's Motion for Notice by the Government of its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence should be granted.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Counsel for Khaled Mohamed Shabban

## CERTIFICATE OF SERVICE

I hereby certify that on the __ of April 2007, the foregoing Motion for Notice by the Government of its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence with accompanying Memorandum of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530


_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-290 (RMC)** |
| ) | |
| **KHALED MOHAMED SHABBAN** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Upon consideration of Defendant Shabban's, Motion for Notice by the Government of its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence the memorandum of points and authorities in support thereof, the government's response thereto, and the entire record in this matter, it is this _____ day of _____, 2007, hereby

ORDERED, that Defendant Shabban's motion is granted; and the government shall provide notice of its intent to use evidence of other crimes, wrongs, acts and misconduct 30 days before trial.

  _____
  THE HONORABLE ROSEMARY M. COLLYER
  UNITED STATES DISTRICT JUDGE

5