IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>KHALED MOHAMED SHABBAN )<br> )<br>**Defendant.** )<br>_____ ) | Criminal No. 06-290 (RMC) |

**DEFENDANT'S MOTION FOR EARLY DISCLOSURE OF JENCKS
MATERIAL AND TIMELY DISCLOSURE OF BRADY/GIGLIO MATERIAL
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, by and through undersigned counsel, hereby moves this honorable Court for the entry of an order requiring early disclosure of *Jencks* material, which ordinarily would not be producible until after a witness has testified at trial. 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. In addition, Mr. Shabban moves under Rule 12(i) of the Federal Rules of Criminal Procedure for the early disclosure of said material to the extent that it is relevant to any pretrial motion, which has been filed by the Defendant. The Court's authority to order such early disclosure is found in the Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. 2, and the inherent supervisory power of this Court.

Defendant also moves for timely disclosure of all *Brady/Giglio* material pursuant to the aforesaid authority and *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir.), *cert. denied*, 429 U.S. 924 (1976).[1] Specifically, Defendant respectfully requests that all *Jencks* material (whether relevant to trial or suppression witnesses) be disclosed one month before the suppression hearings

---

[1] Undersigned counsel has not raised these specific issues with the prosecutor. Although, counsel is confident that AUSA Angela Schmidt will fulfill her *Brady/Giglio* obligations, the

and all *Brady/Giglio* material be disclosed to Defendant's counsel immediately.

Specifically, regarding the *Brady/Giglio* material, Mr. Shabban requests that the Court direct the attorney for the government to furnish counsel for the accused with the following information:

1.  The name, address and telephone number of any witness who was suspected, apprehended, or convicted of any crime(s) at any time.

2.  The crimes or other breaches of law (including jurisdiction and case number) that such witnesses have committed or were suspected of having committed.

3.  The immigration status of any witnesses.

4.  Whether any potential or actual criminal charges against any witness were abandoned, ignored, altered, or otherwise disposed of upon agreement with any such witness to provide information or testify on behalf of the United States Government.

5.  Whether any potential or actual actions regarding any witness' immigration status were abandoned, ignored, altered, or otherwise changed or disposed of upon agreement with any such witness to provide information or testify on behalf of the United States Government.

6.  What financial arrangements existed or exist between any witness and the agencies of the United States, the District of Columbia, or any other sister state, and the amount of money that has been paid to the witness, including any monies paid to house said witnesses or place said witnesses in a protection program.

7.  The names, addresses, telephone numbers and criminal records (including juvenile records) of any witness to be called as a witness for the United States Government who were engaged in any criminal conduct during the times of the offenses alleged in the Indictment.

---

defendant files this motion to protect his right to this evidence.

8. The substance of any plea bargain(s) entered into by any witness and any agency of the United States, the District of Columbia, or any other state, and the authority for any such plea bargain(s).

9. The substance of any agreements made by the United States, the District of Columbia, or any other state with any witness not to charge crimes, and the authority for any such agreements.

10. The substance of any agreements made by the United States, the District of Columbia, or any other state with any witness not to bring any immigration action, and the authority for any such agreements.

11. Information tending to show biases and/or prejudice on the part of any witness.

12. Information tending to show that any witness has made contradictory or inconsistent statements relative to this case, any related case, or with regard to Khaled Mohamed Shabban.

13. Information tending to show that any witness suffered from any material defect in perception, memory, veracity or articulation during any time period relevant to the witness' testimony in this case.

14. The name, address, telephone number, and criminal record of Araceli Hernandez.

15. Any and all records related to Araceli Hernandez's immigration status.

16. The notes of all law enforcement officers taken during any conversation with Khaled Mohamed Shabban.

17. All interview notes regarding Araceli Hernandez.

18. Police reports created following Araceli Hernandez's criminal complaint.

19. All police reports and all radio runs generated as a result of incident charged.

20.     The results of tests or examinations conducted by the government.

Early disclosure of *Brady/Giglio* and *Jencks* should be a matter of routine practice by the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense. *See* The American Bar Association *Standards for Criminal Justice*, § 11-2.2 (The Prosecution Function)(1980). The government has not indicated its position as to when *Jencks* and witness specific *Brady/Giglio* information (*i.e.*, criminal records of witnesses) will be made available to the defense. However, the defense raises this motion so that there is sufficient opportunity for counsel to investigate the disclosed information.

Investigation and preparation for trial is heavy task, particularly given the fact that defense counsel has significant responsibilities in other cases. In order for the defense to be prepared, all *Brady/Giglio* material should be disclosed immediately, and all *Jencks* material should be disclosed one month before the Court hears motions.

In this case, there are no safety considerations that would support a government request for late disclosure of *Jencks*. Rather, the only reason for late disclosure in this case is to provide the government with a strategic advantage.

**I.  Early Disclosure of *Jencks* Material.**

*Jencks* material should be provided to the defense so as to furnish Mr. Shabban with sufficient time to examine and utilize this material in a meaningful manner before and during trial. *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983). What that means in terms of timing depends on the specific facts and circumstances of the case. It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the

timing provisions set forth in the *Jencks Act* and in Rule 26.2. Indeed, Rule 26.2, unlike its predecessor the *Jencks Act*, contains no language explicitly precluding the disclosure of witness statements prior to trial. *Compare* Fed. R. Crim. P. 26.2 with 18 U.S.C. § 3500(a).

The Rule also provides that the court may make an accommodation, upon request by defendant's counsel, so that counsel is provided adequate time to make use of *Jencks* material. Fed. R. Crim. P. 26.2(d). That section states:

> Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

The prosecution should disclose *Jencks* material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of criminal cases. *See ABA Standards for Criminal Justice*, § 11-2.2; *see, e.g., United States v. Tarantino*, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980); *United States v. Poindexter*, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In *United States v. Hinton*, the District of Columbia Circuit recognized the potential impact of late *Jencks* disclosure upon the defendant's Sixth Amendment rights. *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous *Jencks* material" in the form of FBI 302s. *Id.* at 781. The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." *Id.* at 782.

## II. Timely Disclosure *Brady/Giglio* Material.

Unlike our request for <u>early</u> disclosure of *Jencks* material,[2] this request is merely for <u>timely</u> disclosure of *Brady/Giglio* material because such material is to be turned over "at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case . . . ." *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir.), *cert. denied*, 429 U.S. 924 (1976); *see United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (Noting that *Brady* information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the case.); *see, e.g., United States v. Recognition Equipment, Inc.*, 711 F. Supp. 1, 14 (D.D.C. 1989)(Ordering immediate disclosure of evidence regarding criminal records and other impeachment information for government witnesses, statements to the effect that any of the defendants were not members of the charged conspiracy, evidence supporting the defendants' defenses).

The government's only possible basis for resisting both early disclosure of *Jencks* and timely disclosure of *Brady/Giglio* is to claim that such disclosure will pose a threat to the government's witnesses. Initially, any potential threat to witnesses is speculative at best and is far outweighed by the defendant's right to a fair trial. *See Pollack*, 534 F.2d at 974 (Noting that courts should balance in each case "the potential dangers of early disclosure against the need that *Brady* purports to serve of avoiding wrongful convictions," and that "early disclosure should be required where the 'dangers'

---

[2]It is clear that the fact that material may be *Jencks* does not insulate it from disclosure if the material is also producible as *Brady/Giglio*. *United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Recognition Equipment, Inc.*, 711 F. Supp. 1, 14 (D.D.C. 1989). (Holding that the "government is not permitted to refuse to disclose <u>Brady</u> material merely because it is also <u>Jencks</u> material.").

are speculative and where early disclosure is necessary . . . for a fair trial."). Here, neither the defendant nor defense counsel is aware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. To the extent that any threat exists, the government should be required to demonstrate on a case by case basis the threat to a particular witness before the court issues a blanket order with regard to every witness.

Accordingly, in order to afford the defendant a meaningful opportunity to contest the charges against him by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, the defendants request that the government be ordered to disclose all *Brady/Giglio* material to defendant's counsel immediately, and all *Jencks* material one month before the suppression hearings.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Counsel for Khaled Mohamed Shabban

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th of April 2007, the foregoing Motion for Early Disclosure of Jencks Material and Timely Disclosure of Brady/Giglio Material with accompanying Memorandum

of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-290 (RMC)** |
| | ) | |

| | |
|---|---|
| **KHALED MOHAMED SHABBAN** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### ORDER

Upon consideration of Defendant Shabban's Motion For Early Disclosure of *Jencks* Material and Timely Disclosure of *Brady/Giglio* Material, the memorandum in support thereof, the government's response thereto, and the entire record in this matter, it is this _____ day of _____, 2007, hereby

**ORDERED**, that Defendant Shabban's motion is granted; and it is further

**ORDERED**, that the government is required to provide <u>early</u> disclosure of *Jencks* material one month before the suppression hearings, and all *Brady/Giglio* material be disclosed immediately.

_____
THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE