IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.  06-290 (RMC) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT KHALED MOHAMED SHABBAN'S MOTION TO IDENTIFY
WITNESSES WITH JUVENILE ADJUDICATIONS AND PENDING
JUVENILE PROCEEDINGS AND TO INSPECT
JUVENILE FILES PURSUANT TO *DAVIS V. ALASKA* AND
INCORPORATED OF MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Khaled Mohamed Shabban, by and through counsel, hereby moves this Honorable Court for an Order requiring the United States to disclose the identification of all witnesses with either juvenile adjudications or pending juvenile proceedings in order to assess whether the juvenile files contain information which form the basis of cross-examination pursuant to *Davis v. Alaska*, 415 U.S. 308 (1973).  In support of this motion, Mr. Shabban submits the following.

It is unclear if the United States intends to introduce testimony from witnesses who have prior adult convictions or juvenile adjudications.  There may be witnesses who have juvenile adjudicatitions or pending adjudications from at least the jurisdictions of the District of Columbia, Maryland and Virginia.

Defendant seeks to inspect the past or pending juvenile files of all witnesses in this and other jurisdictions to assess whether to impeach those witnesses regarding bias.  Before a request can be made for inspection, the United States must identify each witness with a juvenile adjudication or pending proceeding and specify the jurisdiction.

1

In *Davis,* the Supreme Court directly confronted the competing interests of the government's right to protect the confidentiality of juvenile adjudications against the rights of an accused to confront a witness.  The Court determined that the constitutional protections outweighed traditional concerns with juvenile proceedings.  The Court wrote:

> We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-ex (citations omitted)…. [W]e do conclude that the jurors were entitled to have the benefit of the defense theory before them so they could make an informed decision as to the weight to place on Green's testimony which provided a crucial link in the proof of petitioner's act (citation omitted).  The accuracy and truthfulness of Green's testimony were key elements in the State's case against the Petitioner.  The claim of bias which the defendants sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's vulnerable status as probationer… [C]ounsel was unable to make a record from which to argue why Green might have been biased...

*Davis,* at 316-318.  The Court further held that "whatever temporary embarrassment might result to Green…is outweighed" by the defendant's confrontation right.  *Id.,* at 320.  The Federal Rules of Evidence recognize that juvenile adjudication may be admitted to attack credibility of an adult witness.  *See* Fed. R. Evid. 609(d).

Defendant is unable to make a specific request to the Court until the United States identifies the relevant persons affected by this request.  When such persons are identified, Defendant asks this Court to follow the procedure set forth by the District of Columbia Court of Appeals in *Lewis v. United States* 408 A.2d 303, 312 (1979):

> 1.   If a defendant makes a timely pretrial request for impeachable convictions (deemed to include juvenile delinquency adjudications), the prosecutor shall file a record of all accessible delinquency adjudications with the trial court, but not with defense counsel, along with a representation as to whether, to the government's knowledge, any juvenile adjudication, under the circumstances, can be said to imply the witness' bias against the accused.
>
> 2.   If on the basis of the government's representation -- or later on the basis of the witness' testimony at trial -- the court concludes that the juvenile adjudication goes to bias, the court shall order its disclosure to the defense.

      3.    If the court concludes, prior to completion of the witness' testimony, that the adjudication does not go to bias, the court shall withhold it from the defense unless the court becomes convinced that impeachment of the witness on the basis of the adjudication is likely to be material to the outcome. In that case the court shall order its disclosure to the defense.

      4.    In the event of conviction, the trial court shall inform defense counsel as to whether it possesses a requested but undisclosed juvenile record. If it does, the court, in event of appeal, shall transmit that record under seal to this court, for consideration in accordance with the procedures established for the present case.

WHEREFORE, Defendant seeks an Order requiring the United States to disclose the identities of all witnesses with juvenile adjudications and/or pending juvenile proceedings to assess whether the files contain information which could form the basis of cross-examination relevant to bias and credibility.

                                Respectfully submitted,

                                  _____/s/_____
                                STEVEN J. McCOOL
                                D.C. Bar No. 429369
                                DANIEL T. McNAMARA
                                D.C. Bar No. 494834
                                MALLON & McCOOL, LLC
                                1750 K Street, N.W.
                                Suite 600
                                Washington, D.C. 20006
                                (202) 393-7088

                                Counsel for Khaled Mohamed Shabban

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th of April 2007, the foregoing Motion to Identify Witnesses with Juvenile Adjudications and Juvenile Proceedings and to Inspect Juvenile Files Pursuant to *Davis v. Alaska* and Incorporated Memorandum of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530

_____/s/_____
STEVEN J. McCOOL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-290 (RMC) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Upon consideration of Defendant Shabban's Motion to Identify Witnesses with Juvenile Adjudications and Pending Juvenile Proceedings and to Inspect Juvenile Files Pursuant to *Davis v. Alaska*, the government's response thereto, and the entire record in this matter, it is this ___ day of April 2007, hereby

**ORDERED**, that Defendant Shabban's motion is granted.

_____
THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

5