**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.  06-290 (RMC) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**
**AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Khaled Mohamed Shabban, by and through counsel, hereby moves this Honorable Court for an Order striking surplusage in the indictment pursuant to Federal Rule 7(d) of the Federal Rules of Criminal Procedure 7(D).  Mr. Shabban moves the Court to strike the following words which are irrelevant, immaterial, inflammatory, and highly prejudicial:

1. The words "also known as Khaled Shabban, also known as Khaled Rashad, also known as Khaled Muhamad Rashad Shabban" following "KHALED MOHAMED SHABBAN" in the Indictment Caption and Count One.

2. The words "at least" following "November 1, 2004 through" in Count One of the Indictment.

3. The words "and elsewhere" following "within the District of Columbia and" in Count One of the Indictment.

In support of his Motion, Mr. Shabban relies on the following.

**I. BACKGROUND**

On or about September 28, 2006, Mr. Shabban was charged by way of indictment with violation of the International Parental Kidnapping Crime Act ("IPKCA")(18 U.S.C.

1

§ 1204).  The indictment identified Mr. Shabban as "KHALED MOHAMED SHABBAN also known as Khaled Shabban, also known as Khaled Rashad, also known as Khaled Muhamad Rashad Shabban."

The Indictment also alleged that Mr. Shabban engaged in the acts charged "from on or about November 1, 2004 through *at least* on or about September 25, 2006, within the District of Columbia *and elsewhere.*"  *emphasis added.*

This surplusage wrongfully implies that Mr. Shabban used aliases in order to avoid the detection of a crime.   It also wrongfully implies that Mr. Shabban was engaged in criminal activity not charged in the indictment.

## II. ARGUMENT

An allegation in a criminal indictment that is not an essential element of the offense is surplusage.  A District Court has authority to strike surplusage, pursuant to Federal Rule of Criminal Procedure 7(d), where the excess allegations are (1) irrelevant to the charge contained in the indictment, and (2) inflammatory and prejudicial. United States v. Weinberger, 1992 WL 294877, *7 (D.D.C.)(citing United States v. Ianniello, 621 F. Supp. 1455, 1479 (S.D.N.Y. 1985), aff'd, 808 F.2d 184 (2d Cir. 1986), cert. denied, 483 U.S. 1006 (1987)); see also United States v. Poindexter, 725 F. Supp. 13 (D.D.C. 1989); United States v. Hubbard, 474 F. Supp. 64, 82-83 (D.D.C. 1979).

Thus, "[l]anguage that serves no purpose and encourages a jury to draw inferences that a defendant was involved in collateral activities irrelevant to the indictment may be stricken." Weinberger, 1992 WL 294877 at *7; see also Hubbard, 474 F. Supp. at 82-83.  Similarly, the use of inflammatory language, or "such colorful words to describe the allegations in the indictment are improper where less colorful and more

accurate words would suffice." Hubbard, 474 F.Supp. at 83.

While a Rule 7(d) motion is left to the sound discretion of the court, a court ruling on such a motion should be mindful of the well recognized purpose behind the rule.

> The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, 1 Wright, *Federal Practice and Procedure,* § 127 at 277 or not essential to the charge, U.S. v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974), cert. denied, 419 U.S. 1124, or unnecessary, or inflammatory. Dranow v. U.S., 307 F.2d 545, 558 (8th Cir. 1962).

United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979). Additionally, when a court orders surplusage stricken from an indictment, the court should direct that a retyped "clean" version of the indictment be submitted to the jury. It is improper to simply "white-out" or cover over the improper language where it may be evident that something was deleted. United States v. Wilner, 523 F.2d 68 (2d Cir. 1975).

The irrelevant, immaterial, inflammatory, and prejudicial surplusage in the indictment should be stricken pursuant to Rule 7(d).

### A. The Words "also known as Khaled Shabban, also known as Khaled Rashad, also known as Khaled Muhamad Rashad Shabban" Should be Stricken from the Indictment.

The references in the indictment to other names allegedly used by Mr. Shabban are totally unnecessary and extremely prejudicial. These references would falsely suggest to a jury that Mr. Shabban used an alias in order to avoid the detection of a crime. See e.g., United States v. Ramos, 839 F. Supp. 781, 788 (D. Kan. 1993)("The use of a false or altered name may indicate consciousness of guilt in the associated conduct."). Further, realizing the negative connotations associated with aliases, courts generally disapprove of their use in indictments.

As the court stated in Petrilli v. United States, 129 F.2d 101, 104 (8th Cir.),

3

> cert. denied, 317 U.S. 657 (1942), "The preliminary reading of the aliases in an indictment is not a practice which should be encouraged in an ordinary criminal prosecution, but rather one which should be curbed."

United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir.), cert. denied, 408 U.S. 926 (1972); see also Ramos, 839 F. Supp. at 787.

In the instant case, none of the names that Mr. Shabban allegedly used would be considered an "alias" per se. Arabic names can be long and are sometimes shortened for convenience. See generally, A.F.L Beeston, Arabic Nomenclature: *A summary guide for beginners* (1971) (http://www.lib.umich.edu/area/Near.East/BeestonNomen). Nevertheless, by including a reference to "aliases" in the indictment, the government insinuates that Mr. Shabban may have used alternate names to avoid detection of alleged crimes. Mr. Shabban's cultural background should not force him to be subjected to the prejudice a jury could infer from the inclusion of "aliases" in the indictment.

The government will likely argue that documents and testimony it intends to admit as evidence will include the different names listed in the indictment. This argument is without merit. In United States v. Hsia, 24 F.Supp 2d 14, 25 (D.D.C. 1998), the court held that references to the defendant's aliases were unnecessary and prejudicial. The court also held that evidence referring to the defendant by a name stricken from the indictment could still be offered to the extent that it was otherwise admissible. Id. at 25. This Court can strike the prejudicial aliases from the indictment and still allow the jury to consider admissible evidence which refers to Mr. Shabban by a different name.

For all of the reasons, the words "also known as Khaled Shabban, also known as Khaled Rashad, also known as Khaled Muhamad Rashad Shabban" should be stricken from the indictment.

> **B.  The Words "At Least" and "And Elsewhere" Should be Stricken from the Indictment.**

The words "at least" and "and elsewhere" serve no useful purpose and suggest that Mr. Shabban is involved in illegal activities not listed in the indictment. Courts have repeatedly held that such terms are prejudicial and should be stricken from the indictment.

> Regardless of their location in the indictment [insinuations of unalleged facts] may encourage the jury to draw inferences that the defendant [is] believed to be involved in activities not charged in the indictment.

Hubbard, 474 F.Supp. at 82 (striking as irrelevant and prejudicial the words, "various," "including but not limited to the following," "among other things," "and related matters," "on a number of occasions," "at least," "other illegal and improper activities," "and elsewhere," "and "besides the defendants"); United States v. Espy, 989 F.Supp 17,35, rev'd on other grounds, 330 U.S.App.D.C. 299 (D.C.Cir. Jun 16, 1998)(striking "included, but were not limited to," "and others," "including but not limited to," and "in substance and among other things"); United States v. Williams-Davis, 1992 WL 46826, *2 (D.D.C 1992)(striking "including but not limited to"); United States v. Whitehorn, 710 F.Supp. 803, 819 (D.D.C. 1989)(striking "among others," "but not limited to" and "in part").

The words "at least" and "and elsewhere" are irrelevant, immaterial, and prejudicial and should be stricken from the indictment pursuant to Rule 7(d). The government has no factual basis to allege that Mr. Shabban engaged in acts related to the indictment outside of the District Columbia or after the date of his arrest.

### III.  CONCLUSION

For the reasons set forth above, Mr. Shabban's Motion to Strike Surplusage should be granted. The words "also known as Khaled Shabban, also known as Khaled Rashad, also known as Khaled Muhamad Rashad Shabban" and the words "at least" and "and elsewhere" should all be stricken from the indictment.

Respectfully submitted,


_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Counsel for Khaled Mohamed Shabban

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April 2007, the foregoing Motion to Strike Surplusage with accompanying Memorandum of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530

_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.  06-290 (RMC) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER**

Upon consideration of Defendant Shabban's Motion to Strike Surplusage, the memorandum of points and authorities in support thereof, the government's response thereto, and the entire record in this matter, it is this ____ day of _____, 2007, hereby

**ORDERED**, that defendant Shabban's motion is granted; and it is further

**ORDERED**, that the words "also known as Khaled Shabban, also known as Khaled Rashad, also known as Khaled Muhamad Rashad Shabban" are hereby stricken from the indictment; and it is further

**ORDERED**, that the words "at least" and "and elsewhere" are herby stricken from the indictment.

  .

_____
THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE