IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-290 (RMC) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT KHALED MOHAMED SHABBAN'S MOTION FOR NOTICE
BY THE GOVERNMENT PURSUANT TO RULE 12 OF ITS INTENTION
TO USE SPECIFIC EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Khaled Shabban, by and through undersigned counsel, respectfully moves this Court for entry of an Order directing the government to make inquiry and to serve and file specific *written notice and designations*[1], pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, of the following:

1. Any and all evidence or information, including all information subject to disclosure under Rule 16 in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its evidence at trial, in order to afford the Defendant an opportunity to move for suppression.

2. In addition to such other evidence as may be subject to Rule 12(b)(4), notice of the following specific evidence of information is requested pursuant to Rule 12(b)(4) unless the Government has already provided written notice/transcripts/or inventories:

---

[1] Defendant submits that the production of documents and audiotapes cannot suffice to meet the requirements of Rule 12.

(a) Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure regarding defendant;

(b) Evidence that was obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrant regarding defendant;

(c) Evidence that was obtained through any electronic or mechanical surveillance or tape recordings, or that relates to or was derived from any such surveillance or recordings regarding defendant;

(d) Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or other tracking device regarding defendant;

(e) Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover regarding defendant;

(f) Any evidence relating to the exhibition or display of the defendant's photograph, likeness, image, or voice recording to anyone, not then employed by a law enforcement agency regarding defendant;

(g) Any written, recorded, or oral statements of the defendant, or any other written, recorded, or oral statements by others intended to be offered as a statement of the defendant.

3. Defendant further requests that any evidence or *information that falls within Rule 12(b)(4) be specifically identified from among the items of other discovery* that has been or will be produced pursuant to Rule 16.

In order to expedite preparation for trial and to avoid necessary interruptions during trial to hear suppression or exclusion issues, a means is provided under Rule 12(b)(4) of the Federal Rules of Criminal Procedure for early notice and pretrial litigation of such questions. Rule 12(b)(4)(B) provides:

> *At the Request of the Defendant.* At the arraignment or as soon thereafter as is practicable the defendant may, in order to afford an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitations prescribed in Rule 16.

The means and method set forth in Rule 12(b)(4) is the motion made herein calling upon the government to advise the defendant of certain specific evidence, which may arguably be subject to challenge or suppression. By such disclosure, defendant is alerted to the necessity, if it exists, of making an appropriate motion to challenge or suppress. This motion requests notice of evidence "arguably" subject to challenge or suppression. If an argument properly can be made, counsel is entitled to the opportunity to make it.

Although Rule 12(b)(4) speaks only of evidence that the government intends to use in its case-in-chief, federal courts have the inherent authority to require the government to give notice of such evidence that the government intends to use for any reason. *See United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973). Such notice is required to ensure fundamental fairness and administrative efficiency. *See United States v. Homes,* 343 A.2d 272, 276-77 (D.C. App. 1975). The Court's power to require the government to give a defendant notice of its intent to use evidence susceptible to suppression also helps eliminate "the danger of unfair prejudice." *Battle v. United States*, 345 F.2d 438 (D.C. Cir. 1965).

In the present case, the potential for the government to use evidence susceptible to suppression is great. At the present stage it is largely unknown what evidence was obtained from confidential informants or other questionable sources. Thus, it is imperative that Mr. Shabban be afforded the opportunity to file pre-trial motions to suppress such evidence in order to prevent both

unfair prejudicial effect and undue delays during the trial.

Furthermore, it is requested that the Court require the government to specifically identify any evidence or information within the category of 12(b)(4) separate and apart from any items of other discovery that will be produced pursuant to Rule 16. It is not the intent or purpose of Rule 12(d)(2) that the government simply replies that its 12(d)(2) evidence is contained "somewhere" within the mass of discovery items provided under Rule 16. Specific identification of Rule 12(b)(4) evidence is essential to enable counsel to prepare effectively, to conserve judicial time and resources and, if appropriate, to afford an opportunity to move to suppress.

WHEREFORE, for the foregoing reasons and any others which may appear to the Court following an evidentiary hearing, Mr. Shabban requests the Court to grant the relief sought herein.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Khaled Shabban

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th of April 2007, the foregoing Motion for Notice by the Government Pursuant to Rule 12 of its Intention to Use Specific Evidence Arguably Subject to Suppression and Memorandum of Law in Support thereof was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530

_____/s/_____
Steven J. McCool

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-290 (RMC)** |
| ) | |
| **KHALED MOHAMED SHABBAN** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## **ORDER**

Upon consideration of Defendant Shabban's Motion For Notice By The Government Pursuant To Rule 12(b)(4) Of Its Intention To Use Specific Evidence Arguably Subject To Suppression, the memorandum in support thereof, the government's response thereto, and the entire record in this matter, it is this ____ day of _____ 2007, hereby

**ORDERED**, that Defendant Shabban's motion is granted.

_____
THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE