IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-290 (TFH) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT KHALED MOHAMED SHABBAN'S MOTION TO
SUPPRESS CONFIDENTIAL SPOUSAL COMMUNICATIONS
AND TAPE RECORDED CONVERSATIONS WITH
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Khaled Mohamed Shabban, by and through his attorneys, moves this Court to suppress tape recorded conversations with Araceli Hernandez.

## I. INTRODUCTION

The prosecution has provided approximately 32 audiotapes of recorded conversations between Mr. Shabban and Araceli Hernandez. The FBI and Ms. Hernandez recorded these conversations without Mr. Shabban's knowledge or consent. The government has provided a marriage certificate showing that Mr. Shabban and Ms. Hernandez were legally married. Undersigned counsel is aware of no evidence that this marriage ended. Mr. Shabban now seeks to have these recorded conversations suppressed on the basis of spousal privilege.

## II. ARGUMENT

**A.  The Tape Recorded Conversations Constituted Confidential Spousal Communications and Must be Suppressed.**

There are two types of marital privileges: (1) the confidential communications privilege and (2) the adverse testimony privilege. Trammel v. United States, 445 U.S. 40,

51 (1980). The confidential communication privilege bars the testimony of one spouse as to confidential communications between the two. See Trammel, 445 U.S. at 51; Blau v. United States, 340 U.S. 332, 333 (1951); Wolfle v. United States, 291 U.S. 7, 13 (1934). The adverse testimony privilege provides that a witness cannot be compelled or prevented from testifying against his or her spouse. Trammel, 445 U.S. at 52-53. Under the confidential communication privilege, either spouse has the right to assert the privilege and preclude the testimony. United States v. Hall, 989 F.2d 711, 716 n. 8 (4th Cir.1993); United States v. Lea, 249 F.3d 632, 641 (7th Cir. 2001). Under the adverse testimony privilege, only the testifying spouse has the right to assert the privilege. Trammel, 445 U.S. at 53.

The confidential marital communications privilege derives from the belief that it fosters a trust between the spouses which is essential to the growth and success of marriage. Wolfle, 291 U.S. at 14. In order to preclude a confidential communication it must have occurred during the time of a valid marriage. United States v. Duran, 884 F.Supp. 537 (D.D.C. 1995).

In the instant case, the government has provided what appears to be a valid marriage certificate. Undersigned counsel is aware of no evidence that suggests that Mr. Shabban was not married to Araceli Hernandez during the times when the government recorded their communications. Mr. Shabban has asserted his privilege to preclude confidential marital communications.

The government may seek to argue that the privilege does not apply because a third party, the FBI agent taping the conversation, heard the communications. This argument is without merit. A spouse who is *aware* of a third party's presence cannot

claim the privilege.  Wolfle, 291 U.S. at 14 (emphasis added).  There is no indication that Mr. Shabban was aware that the FBI was listening to his private telephone calls.

The government may also contend that, while Araceli Hernandez may be precluded from testifying regarding the confidential communications, the FBI agent who overheard the conversations is not.  This argument similarly fails.  In United States v. Neal, 532 F.Supp 942 (D. Colo. 1982) a wife allowed the FBI to monitor and record her private telephone conversations with her husband.  The court suppressed tapes of these conversations and refused to allow the FBI agent to testify stating:

> One who bares his soul in privacy to his wife should not have to fear that, unbeknownst to him, the communicator, his words spoken to his wife are being heard and recorded by the police for later use against him, all without a warrant or any kind of warning to him.  Here the better reasoned cases have weighed the societal value of greater police efficiency against the societal value of marital privacy, and have come down on the side of marriage.  Id. at 949.

Finally, the government may rely on Johnson v. United States, 616 A.2d 1216 (D.C. 1992) to argue that there is an exception to the confidential marital communication privilege when the couple's child is the victim of the alleged crime.  The Johnson court acknowledged that the confidential communications privilege is "almost sacrosanct."  Id. at 1224.  The court carved out a very narrow exception to that privilege and held that, because the wife was the *only* witness to the husband's alleged assault against the couples' child, who could not speak for herself, the wife could testify regarding confidential communications.  Id.  at 1225 (emphasis added).  Here the government cannot contend that Ms. Hernandez is the only witness who could testify against Mr. Shabban.  Further, Ms. Hernandez is not precluded from testifying against Mr. Shabban regarding his actions, only their confidential communications.

3

Mr. Shabban has validly asserted the confidential spousal communications privilege. Tapes of private conversations between Mr. Shabban and Ms. Hernandez, and any testimony regarding the substance of those conversations, should be suppressed.

### B. One Party Must Voluntary Give Consent Before The Government Can Tape Record A Conversation Without A Warrant.

The government did not obtain a warrant prior to tape recording the telephone conversations between Mr. Shabban and Ms. Hernandez. The District of Columbia is a "one-party consent" jurisdiction. This means that the government is permitted to intercept a wire or oral communication after securing the consent of one party to the conversation. D.C. Code § 23-542(b)(2). In the absence of consent, the government cannot record conversations without first obtaining a warrant. 18 U.S.C.A. § 2510.

In United States v. Sell, 487 A.2d 225, 230 (D.C. 1985) the District of Columbia Court of Appeals held that the government can establish voluntary consent by simply showing that one party knew that the government was monitoring the communication. This presumption of voluntary consent can be rebutted if the party objecting to the use of a communication can show, by a preponderance of the evidence, that the will of the party consenting to the recording was overcome by threats or improper inducement amounting to coercion or duress. Id.

It cannot be fairly argued that Ms. Hernandez was unaware that the government was recording the telephone conversations between her and Mr. Shabban. At this point it is unknown whether Ms. Hernandez's consent was obtained through coercion or duress. If the tape recorded conversations are not suppressed on the basis of confidential spousal

4

communications, a hearing is necessary to determine if Ms. Hernandez voluntarily consented to the recordings.

### III. CONCLUSION

For the reasons set forth above, Mr. Shabban's Motion to Suppress Confidential Spousal Communications and Tape Recorded Conversations should be granted. Tapes of private conversations between Mr. Shabban and Ms. Hernandez, and any testimony regarding the substance of those conversations, should be suppressed. If the tape recordings are not suppressed on the basis of the confidential spousal communication privilege, a hearing should be held to assess the voluntariness of Ms. Hernandez's consent.

> Respectfully submitted,
>
> _____/s/_____
> STEVEN J. McCOOL
> D.C. Bar No. 429369
> DANIEL T. McNAMARA
> D.C. Bar No. 494834
> MALLON & McCOOL, LLC
> 1776 K Street, NW Ste 200
> Washington, DC 20006
>
> Counsel for Khaled Mohamed Shabban

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April 2007, the foregoing Motion to Suppress Confidential Spousal Communications and Tape Recorded Conversations with Incorporated Memorandum of Points and Authorities with accompanying Memorandum of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530


                                                _____/s/_____
                                                STEVEN J. McCOOL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v. ) | Criminal No. 06-290 (TFH) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Upon consideration of Defendant Shabban's Motion to Suppress Marital Communications, the memorandum in support thereof, the government's response thereto, and the entire record in this matter, it is this ___ day of April 2007, hereby

**ORDERED**, that Defendant Shabban's motion is granted.

_____
THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE