# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-290 (TFH) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### DEFENDANT'S MOTION FOR A BILL OF PARTICULARS
### AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Khaled Mohamed Shabban, by and through undersigned counsel, hereby moves this honorable Court for a bill of particulars. In support of this motion, counsel respectfully submits the following.

On or about September 28, 2006, Mr. Shabban was charged by way of indictment with violation of the International Parental Kidnapping Crime Act (18 U.S.C. § 1204).

The Supreme Court has held that the Fifth Amendment indictment clause and the Sixth Amendment notice clause, as reflected in Rule 7(c) of the Federal Rules of Criminal Procedure, require that the indictment "sufficiently apprise the defendant of what he must be prepared to meet." Russell v. United States, 369 U.S. 749, 763-64 (1962) (quotations and citations omitted).

The instant indictment is fatally defective for several reasons. First, the victim is not identified in the indictment. Second, the location where the alleged offenses occurred is not specifically provided in the indictment. The indictment alleges that the acts occurred within the District of Columbia "and elsewhere." Third, the times of the offense are not specifically set forth in the indictment. The indictment alleges that the acts occurred from "on or about" November 1, 2004 through "at least on or about" September 25, 2006. Finally, the

1

indictment fails to allege any fact to support the allegation that the defendant intended to obstruct the lawful exercise of parental rights.  Given the defects in the indictment, there is simply no way for Mr. Shabban to prepare to defend himself.  Accordingly, Mr. Shabban is entitled to an order requiring the government to furnish him with a written bill of particulars which identifies the alleged victim by name and address, specifically provides the dates and times of the alleged offenses, specifically sets forth the locations of each alleged offense and asserts some alleged fact to support the charged that the defendant intended to obstruct parental rights.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, "it is within the sound discretion of the court to determine whether a bill of particulars should be provided," and the Court should grant such motions when "necessary to prevent unfair surprise at trial." United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999)(citation omitted).  The information sought by Mr. Shabban is necessary to enable him to "identify with sufficient particularity the nature of the charge against him, thereby enabling him to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense." United States v. Davidoff, 845 F.2d 2251, 2254 (2d Cir. 1988), citing United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).  Without this requested information, Mr. Shabban is unable to prepare a defense to the count in the indictment and cannot be assured that he will not be twice prosecuted for the same conduct.

Wherefore, for the foregoing reasons, and any others which may appear to the Court, Mr. Shabban requests that the Court grant his motion for a bill of particulars.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Counsel for Khaled Mohamed Shabban

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April 2007, the foregoing Motion For a Bill of Particulars with accompanying Memorandum of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530

                                                      _____/s/_____
                                                      STEVEN J. McCOOL