IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | Criminal No.  06-290 (TFH) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant.          ) | |
| _____) | |

**DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE**
**WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Khaled Mohamed Shabban, by and through undersigned counsel, respectfully moves this honorable Court for an Order, pursuant to Fed. R. Crim. P. 12(b)(3) and the Fourth Amendment of the United States Constitution, suppressing all fruits of the unlawful searches of his luggage (four pieces of luggage and one carry on bag seized at John F. Kennedy International Airport on September 25, 2006 and searched on December 15, 2006). The fruits include, but are not limited to, all items listed on the warrant returns and the evidence reports provided by the prosecutor.

**I.  Factual Background**

Mr. Shabban is before this Court charged by way of indictment with violation of the International Parental Kidnapping Crime Act ("IPKCA")(18 U.S.C. § 1204). According to discovery provided by the prosecution, on or about December 13, 2006, the government applied for a warrant to search Mr. Shabban's luggage. In support of its application, the government attached an affidavit from FBI Agent Shane Dana.

The affidavit indicates that Customs and Border Patrol (CPB) agents intercepted Mr. Shabban after he departed a flight from Cairo, Egypt. They brought his luggage to a secondary screening room and searched it. Agent Dana observed the search and spoke with

1

the CBP Agents. The CBP Agents identified two different U.S. driver's licenses, each having a different date of birth. They also identified approximately 20 documents related to insurance claims and a checkbook with the name Angela Denise Johnson.

After observing the search, Agent Dana seized Mr. Shabban's luggage and brought it to an FBI field office. He held the luggage at this office for 79 days before obtaining and executing a search warrant.

## II. Argument

### Detaining Mr. Shabban's Luggage For 79 Days Prior To Obtaining A Search Warrant Was Unconstitutional.

The Supreme Court addressed the warrantless seizure of luggage in United States v. Place, 462 U.S. 696 (1983). In Place, federal agents suspected the defendant of smuggling narcotics. The agents seized the defendant's luggage and held it for 90 *minutes* without probable cause. The court held that this seizure was unreasonable. Id. at 701. In the instant case, the government detained Mr. Shabban's luggage for 79 *days* without probable cause.

Ordinarily a seizure of personal property is *per se* unreasonable within the meaning of the Fourth Amendment unless a warrant has been issued upon probable cause. Id. at 701. Law enforcement is permitted to seize personal property pending a search warrant if the "exigencies of the circumstances demand it" or there is another recognized exception to the warrant requirement. Id. Law enforcement officers can briefly detain personal property for investigatory purposes upon reasonable suspicion. Id. at 705.

The Supreme Court has stated that "probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). The existence of probable cause is determined on a case by case basis by an analysis of the

"totality of the circumstances," <u>Id.</u>, at 238, and will be satisfied by a "probability, and not a prima facie showing, of criminal activity . . . ." <u>Id.</u>, at 235.

The government makes no showing that there was probable cause to seize Mr. Shabban's luggage. Agent Dana's affidavit contends that he personally participated in an investigation related to alleged insurance fraud. It is unclear from the affidavit when Agent Dana became involved in this investigation. If Agent Dana was not involved in this investigation at the time of the CBP Agents' search, then nothing identified by those Agents would have given him any indication that Mr. Shabban was engaged in criminal activity.

Even if Agent Dana was involved in the investigation at the time of the CBP Agents' search, there was no probable cause to seize Mr. Shabban's luggage. Nothing in the affidavit indicates that Agent Dana personally reviewed any of the documents or items uncovered in the search or made any determination as to whether or not they related to the insurance fraud investigation. The 79 day detention of that luggage goes beyond any brief investigatory detention authorized by <u>Place.</u>

Assuming *arguendo* that there was probable cause to seize the luggage, there is no justification for the lengthy delay in obtaining a warrant. Nothing prevented Agent Dana from immediately requesting a search warrant.

3

### III. Conclusion

For the reasons set forth above, Mr. Shabban's Motion to Suppress Tangible Evidence should be granted.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Counsel for Khaled Mohamed Shabban

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April 2007, the foregoing Motion to Suppress Tangible Evidence with accompanying Memorandum of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530

                                              _____/s/_____
                                              STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-290 (TFH)** |
| ) | |
| **KHALED MOHAMED SHABBAN** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER**

Upon consideration of Defendant Shabban's Motion to Suppress Tangible Evidence, the memorandum of points and authorities in support thereof, the government's response thereto, and the entire record in this matter, it is this ___ day of _____, 2007, hereby

**ORDERED**, that defendant Shabban's motion is granted; and it is further

**ORDERED**, that all fruits of the unlawful searches of his luggage (four pieces of luggage and one carry on bag seized at John F. Kennedy International Airport on September 25, 2006 and searched on December 15, 2006) are hereby suppressed.

.

_____
THE HONORABLE THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE