**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.  06-290 (TFH) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT KHALED MOHAMED SHABBAN'S REPLY TO
GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS
WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Khaled Mohamed Shabban, by and through his attorneys, hereby replies to Government's Omnibus Response to Defendant's Motions and sets forth as follows:

    A.    Mr. Shabban Has Established That He Was Married At The Time That
            The Tape Recorded Conversations Took Place.

The government contends that Mr. Shabban's marriage to Araceli Hernandez is not valid because he was already married at the time that it was entered into. Government's Omnibus Response to Defendant's Motions ("Response"), at 1.  The government supports this contention by alleging that the couples' marriage certificate was signed "sometime in 2000", when Mr. Shabban was already married to another woman.  However, the only legible date on the copy of the marriage certificate that the government provided is 1997.[1] See Exhibit 1 (Marriage Certificate).

Even assuming the marriage between Mr. Shabban and Ms. Hernandez was entered into in 2000, as the government contends, no compelling evidence has been proffered to invalidate that marriage. The government can provide nothing more than a

---

[1] This date appears on the seal at the bottom of the certificate.

1

statement on an immigration application allegedly filled out by Mr. Shabban, who has a limited understanding of English.

> B. The District of Columbia Circuit Court of Appeals Has Not Recognized An Exception To The Confidential Marital Communication Privilege For Alleged Crimes Against The Couples' Child.

Federal Rule Evidence 501 provides that privilege "shall be governed by the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience." The United States Supreme Court has long recognized the confidential marital communication privilege. Wolfle v. United States, 291 U.S. at 7, 13-14 (1934). In Wolfle, the court held that the confidential marital privilege derives from the belief that it fosters a trust between the spouses which is essential to the growth and success of marriage. Id.

The government correctly recognizes that some circuits have recognized limited exceptions to the confidential marital communication privilege when a crime is alleged to have been committed against the couples' child. See United States v. Bahe, 128 F.3d 1440 (10th Cir. 1997). However, no such exception has been recognized by the United States Court of Appeals for the District of Columbia Circuit Court, nor should one be recognized in this case. In SEC v. Lavin, 111 F.3d 921, 925 (D.C. Cir. 1997), this Circuit acknowledged the significance of the confidential marital communications privilege and recognized its role in protecting the marital relationship, which it referred to as "the best solace of human existence."

Courts which have recognized an exception to the confidential marital communication privilege, where a crime is alleged to have been committed against the couples' child, have drawn that exception narrowly. In Bahe, the court held that,

"exercising the 'reason and experience' granted to us by Fed.R.Evid. 501 we recognize an exception to the marital communications privilege for spousal testimony <u>relating to the abuse of a minor child within the household</u>." <u>Id.</u> at 1446. (emphasis added). In the instant case there are no allegations that the minor child was the victim of any abuse, inside the home or out.

The holding in <u>United States v. White</u>, 974 F.2d 1135 (9th Cir. 1992) was also narrower than the blanket exception urged by the government. In <u>White</u>, the defendant was indicted for voluntary manslaughter. The government sought to introduce evidence that the defendant had previously told his wife that he intended to harm their child. The defendant asserted his confidential marital communications privilege. The court held as follows:

> The public policy interests in protecting the integrity of marriages and ensuring that spouses freely communicate with one another underlie the marital communications privilege. (citation omitted). When balancing these interests we find that <u>threats</u> against spouses and a spouse's children do not further the purposes of the privilege and that the public interest in the administration of justice outweighs any possible purpose the privilege serve (sic) in such a case. <u>Id.</u> at 1138. (emphasis added).

There is no evidence that Mr. Shabban threatened his child. To the contrary, all the evidence suggests an exceptionally loving relationship. This Circuit has not recognized an exception to the confidential marital communications privilege for an alleged crime against the couples' child. The circuits which have recognized such an exception have drawn it narrowly. Thus, Mr. Shabban has properly asserted his confidential marital communications privilege and there is no exception which deprives him of its protections.

3

### C. An Evidentiary Hearing Is Necessary To Determine If The Tape Recorded Conversations Were Consensual.

The government argues that an evidentiary hearing is not necessary because defendant "simply avers that 'it is unknown' whether her consent 'was obtained through coercion or duress.'" Response at 4. This is precisely why an evidentiary hearing is needed. Unless a hearing is held and counsel, or the Court, examines Ms. Hernandez under oath, Mr. Shabban will be unable to determine the facts surrounding the recordings.

In order to overcome the presumption of voluntary consent, Mr. Shabban must show, by a preponderance of the evidence, that Ms. Hernandez's will was overcome by threats or improper inducement amounting to coercion or duress. United States v. Sell, 487 A.2d 225, 230 (D.C. 1985). Mr. Shabban needs to be able to inquire into the circumstances surrounding the recordings in order to make such a showing. If he is not afforded such an opportunity, he will simply have to take, at face value, the government's assertion that the recordings were voluntary, and that the FBI did not make any promises to secure Ms. Hernandez's cooperation.

### D. Prejudicial Surplusage Should Be Stricken From the Indictment.

The government acknowledges that courts "strongly disapprove" of the practice of including aliases in an indictment. Response at 15 (citing United States v. Emuegbunam, 268 F.3d 377, 394-5 (6th Cir. 2001)). The government then contends that the aliases need to be included in order to "identify the defendant in connection with the acts charged in the indictment." Response at 15.

Curiously, the government attempts to support this argument by referencing acts which Mr. Shabban allegedly performed using names not included in the indictment. Id.

4

at 15-16 (alleging Mr. Shabban used the following names: Khaled Mohamed Rashad Mohamed Mahmoud Shabban, Khaled Mohamed Rashad Mohamed Mohamed Shabban (the name allegedly given to the FBI when Mr. Shabban was arrested), Khaled Mohamed Rashad, and Khaled Mohamed Rashad Mohamed). The government cannot fairly contend that the aliases included in the indictment are needed to connect Mr. Shabban with the acts charged when it clearly intends to attempt to connect Mr. Shabban with the acts charged by introducing evidence of aliases <u>not</u> included in the indictment.

The use of the term "and elsewhere" is unduly prejudicial. The indictment alleges that Mr. Shabban took his minor child from the District of Columbia outside the United States. The term "and elsewhere" would imply that Mr. Shabban allegedly removed the child from places other than the District of Columbia.

    E.    <u>Conclusion.</u>

Wherefore, Mr. Shabban respectfully requests that all of the relief requested in his original motions be granted.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Counsel for Khaled Mohamed Shabban

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May 2007, the foregoing Reply to Government's Omnibus Response to Defendant's Motions with Incorporated Memorandum of Points and Authorities was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530


_____/s/_____
STEVEN J. McCOOL

# MARRIAGE CERTIFICATE
## (UNDER THE ISLAMIC LAW)

"In The Name of Allah, The Most Merciful, The Most Gracious. All praise be to Allah and we seek help from Him, and we beg forgiveness of Him, and we seek refuge in Allah from the evil of our selves and the mischief of our practices. Whomsoever Allah guides, none can mislead him, and whomsoever He misguides, there is none to guide him. And I testify that there is no god but Allah. And I testify that Muhammad is His servant and Messenger". "Oh you who believe! Fear Allah with His fearing, and die not except in a state of Islam". (Q.3, v.102)

"Oh your Lord, Who created you from a single soul and created its mate from it, and spread out from them many men and women. Be careful of your duty to Allah, in Whom you claim your rights, and regard the wombs. Lo! Allah has been a Watcher over you". (Q.4, v.1) "Oh you who believe, fear Allah and speak an honest word, so that Allah may set right your deeds and forgive your sins. And whoever obeys Allah and His Prophet, he has attained a mighty success". (Q.33, v.70,71)

Marriage solemnized at: **Ahmed Ghwary** in **Washington** District **D.C.** Province **D.C.**

| Signature | Origin | Occupation | Residence | Place of Birth | Age | Full Names | | |
|---|---|---|---|---|---|---|---|---|
| [signature] | Muslim | River | D.C. | EYGPT | 35 | Khaled M. Shabban | Bridegroom | |
| [signature] | Accountant | D.C. | Wash DC | 32 | Bessi Hernandez | Bride | |
| Ahmed Ali | Shop Manager | D.C. | VA | 64 | Abdussalam Senhrie | Witness | |
| Abdulmalik Shakoor | AHMED Cook | D.C. | Texas | 24 | ABDULMALIK SHAKOOR | Witness | |
| Ahmed Ali | | DC | Egypt | | [signature] | | |

Person who performed the marriage: **Abdulmalik Shakoor** [signature]

Dowry: **10.00**

REMARKS:

[official seal/stamp]