UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-290 (TFH) |
| : | |
| KHALED MOHAMED SHABBAN, : | |
| also known as Khaled Shabban, : | |
| also known as Khaled Rashad, : | |
| also known as Khaled Muhamad Rashad Shabban, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S PROPOSED PRELIMINARY STATEMENT,
VOIR DIRE QUESTIONS AND JURY INSTRUCTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following preliminary statement, voir dire questions, and jury instructions:

**PRELIMINARY STATEMENT**

This is a criminal case in which the defendant is charged with international parental kidnaping. The charge arises from an allegation that on or about November 21, 2004, the defendant took his three year old son from the United States to Egypt and kept his son in Egypt for twenty two months, with the intent to obstruct the lawful exercise of the mother's parental rights.

The defendant denies these charges.

-2-

**PROPOSED VOIR DIRE QUESTIONS**

**1.     Based on this information, does any member of the jury panel believe that he or she knows anything about this case?**

**2.     Is there anything about the nature of the charges in this case that might affect your ability to render a fair and impartial verdict if you are chosen as a juror?**

**3.     The United States is represented by Assistant United States Attorney Angela Schmidt.  [Introduction of the defendant.]  The defendant is represented by Steven McCool. Does any member of the panel know any of the parties or legal representatives of the parties in the case?**

**4.     During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [List to be provided at trial.]**

**5.     The defendant is presumed innocent of the charges against him and has no obligation to call any witnesses.  The defendant may or may not call some or all of the following witnesses.  [Introduction of potential defense witnesses, if any.]  Does any member of the panel know any of the prospective witnesses in the case?**

**6.     Some of the witnesses in this case are law enforcement officers.  Have you, any of your relatives, or any close friends, had an experience with any law enforcement or police officer, or with any person associated with or employed by the United States Attorney's Office or the Court, that would make it difficult for you to sit as a juror in this case? (Answers to be taken at the bench.)**

**7.     Have you, any of your relatives, or any close friends ever worked in any capacity for any type of law enforcement agency, including: the Federal Bureau of Investigation, the**

-3-

Metropolitan Police Department, the Department of Homeland Security, the Citizenship and Immigration Service, Customs and Border Protection, the Department of State, and any other law enforcement agency?

    a.    If the answer is yes, what was the nature of the employment?

    b.    Would your experience or that of your friends or relatives make it difficult for you to sit as a juror in this case?

8.    Have you, any of your relatives, or any close friends ever worked in any capacity in the correctional system? This would include a prison, jail, department of corrections, probation office or parole agency.

    a.    If the answer is yes, what was the nature of the employment?

    b.    Would your experience or that of your friends or relatives make it difficult for you to sit as a juror in this case?

9.    Have you, any of your relatives, or any close friends ever worked, in any capacity, with or for a defense attorney or an investigator working for a defense attorney?

    a.    If the answer if yes, what was the nature of the employment?

    b.    Would this employment make it difficult for you to sit as a juror in this case?

10.    Have you, any of your relatives, or any close friends studied law or had any legal training?

    a.    If the answer is yes, what was the nature of the studies or training?

    b.    Would this study or training affect your ability to follow the Court's instructions as to the law that should be applied in this case?

-4-

11. **Some of the witnesses in this case are of the Muslim faith. Is there anything about your views of that faith that would make it difficult for you to sit as a juror in this case, or that would make you more or less likely to believe their testimony?**

12. **There will be witnesses in this case who are or have been citizens of other countries, including Egypt and Mexico. Is there anything about your views of individuals from those countries that would make it difficult for you to sit as a juror in this case, or that would make you more or less likely to believe their testimony?**

13. **Do you have any children? If yes, what are their ages?**

14. **Have you or a close family member, including your parents, had a marriage or other relationship end when children were involved? (If yes, answers to the following questions to be taken at the bench.)**

    a.    **Did anyone dispute custody of the children?**

    b.    **Did anyone go to court to decide custody issues involving the children?**

    c.    **Did anyone violate the terms of the custody order or agreement?**

    d.    **Did anyone ever go to court to enforce the terms of the custody order or agreement?**

    e.    **Did anyone ever consider or threaten to take the children out of the state or country to keep them away from the other parent?**

15. **Have you had any exposure to, or do you hold views about child custody disputes that would make it difficult for you to serve as a juror in this case or that would make you more or less likely to believe either parent?**

-5-

16.     Have you ever served as a juror in the trial of a criminal case? Is there anything about your prior experience as a juror that would make it difficult for you to sit as a juror in this case?

17.     Have you ever served as a grand juror? Is there anything about your prior experience as a grand juror that would make it difficult for you to sit as a juror in this case?

18.     Have you, any of your relatives, or any close friends been a witness to, a victim of, or arrested for and/or charged with a crime within the last 10 years? (Answers to be taken at the bench.)

19.     Do you have any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during the trial? (Answers to be taken at the bench.)

20.     Do you have a hearing problem that would make it difficult for you to hear tape recordings, or an eyesight problem that would make it difficult for you to view projections of photographs, all of which may be presented as part of the evidence in this case?

21.     Do you have an illness, or other medical condition that would make it difficult for you to sit as a juror? (Answers to be taken at the bench.)

22.     Do you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings? (Answers to be taken at the bench.)

23.     The trial is expected to last approximately three days. Do you have an urgent or extremely important matter to attend to such that you would be faced with a hardship if selected for the jury in this case? (Answers to be taken at the bench.)

-6-

**24.    Do you know of any reason whatever, even if not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it? (Answers to be taken at the bench.)**

– 7 –

## PROPOSED JURY INSTRUCTIONS

**General Instructions**
1.03  Preliminary Instruction to Jury Before Trial
1.04  Definitions
1.05  Cautionary Instruction Prior to First Recess
1.07  Question Not Evidence
1.22  Juror's Recognition of Witness or Other Party
2.01  Function of Court
2.02  Function of Jury
2.03  Jury's Recollection Controls
2.04  Evidence in Case
2.05  Statements of Counsel
2.06  Indictment Not Evidence
2.07  Inadmissible and Stricken Evidence
2.08  Burden of Proof - Presumption of Innocence
2.09  Reasonable Doubt
2.10  Direct and Circumstantial Evidence
2.11  Credibility of Witnesses
2.13  Number of Witnesses
2.14  Nature of Charge Not to be Considered

**Evaluating Testimony And Evidence**
2.26  Police Officer's Testimony
2.27  Right of Defendant Not to Testify
     (or 2.28  Defendant as Witness)
2.30  Transcripts of Tape Recordings
2.48  Statements of Defendant
2.49  Statements of Defendant - Corroboration

**Definitions**
3.02  Proof of State of Mind
3.07  "On or About" – Proof of
3.11  Consensual Tape Recording

**Closing Remarks**
2.71  Selection of Foreperson
2.72  Unanimity of Verdict
2.73  Exhibits During Deliberations
2.74  Possible Punishment Not Relevant
2.75  Communications Between Court and Jury During Jury's Deliberations
2.76  Furnishing the Jury with a Copy of the Instructions

-8-

## INTERNATIONAL PARENTAL KIDNAPING

The defendant is charged with international parental kidnaping in violation of 18 U.S.C. § 1204.  In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about November 21, 2004, the defendant knowingly *removed* a child from the United States; *or*

That from on or about November 21, 2004, through September 25, 2006, the defendant knowingly *retained* a child who had been in the United States, in a place outside the United States; *and*

Second, that the defendant did so with the intent to obstruct the lawful exercise of the parental rights of Araceli Hernandez.

An act is done "knowingly" if the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident. The government is not required to prove that the defendant knew he was violating the law or intended to violate the law by removing the child from the United States or by retaining the child outside the United States.

A "child" for purposes of this offense means a person who has not yet attained the age of 16 years.

The term "parental rights" for purposes of this offense means the right to physical custody of the child, whether joint or sole, and includes visiting rights.  The right to physical custody or visitation can arise by operation of law, court order, or legally binding agreement of the parties.

The term "obstruct" means to hinder or impede.

-9-

## CHILD'S CUSTODY NOT AT ISSUE

In making your determination in this case, you are not to concern yourselves with the future custody of the child. Any decisions regarding the future custody of the child are the responsibility of the appropriate court.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> UNITED STATES ATTORNEY
>
> _____/s/_____
> ANGELA G. SCHMIDT
> Texas Bar No. 17764980
> Assistant United States Attorney
> 555 Fourth Street, N.W., 4th floor
> Washington, D.C. 20530
> (202) 514-7273