IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-290 (TFH) |
| ) | |
| KHALED MOHAMED SHABBAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

DEFENDANT'S PROPOSED PRELIMINARY
STATEMENT, VOIR DIRE QUESTIONS AND JURY INSTRUCTIONS

Defendant, by and through undersigned counsel respectfully proposes the following preliminary statement, voir dire questions, and jury instructions:

A.  PRELIMINARY STATEMENT

The defendant in this case is charged with international parental kidnapping. The government alleges that on or about November 21, 2004, the defendant took his minor son from the United States to Egypt and kept him there for 22 months, with the intent to obstruct the lawful exercise of the mother's parental rights.

The defendant denies these charges.

B.  PROPOSED VOIR DIRE QUESTIONS

Defendant respectfully requests that in addition to the questions proposed by the government and the Court's usual voir dire, including without limitation the Ridley question, that the following questions be asked of the panel:

1.  A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent unless and until the government proves guilt beyond a reasonable doubt. Mr. Shabban does not need to produce

1

  any evidence whatsoever to prove his innocence. If you are selected as a juror in this case, how many of you will have difficulty applying this rule of law?

2. Would any of you hold it against Mr. Shabban if he does not produce any evidence or call any witnesses during the course of this case?

3. Can you accept the following instruction from the Court, that Mr. Shabban never assumes a burden of proof and even if he does not produce any evidence, indeed even if his lawyer does not ask a single question of a witness, he can not be convicted unless the government proves its case beyond a reasonable doubt?

4. Mr. Shabban is Egyptian, would this fact cause you to favor the government in this case?

5. Do you hold any biases against people who are Egyptian?

6. Mr. Shabban is Muslim, would this fact cause you to favor the government in this case?

7. Do you hold any biases against people who are Muslim?

8. How many of you now have any opinion as Mr. Shabban's guilt or innocence?

9. How many of you believe that because Mr. Shabban was arrested and charged with a crime, that he is probably guilty of something?

10. Do you understand that it is easier to make a charge than to disprove a charge and that this is the reason that the law always keeps the burden of proof on the prosecution and never imposes any burden of proof on Mr. Shabban?

11. How many of you feel that you might have some difficulty presuming that Mr. Shabban is innocent of the charges against him in this case?

12. This case involves charges of International Parental Kidnapping. How many of

       you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

13. Have any of you (or your close friends or relatives) ever worked for either a Federal or local court system in any capacity?

14. Have any of you formed any opinions about either prosecutors or defense attorneys which would affect you in deciding this case?

15. How many of you feel that police testimony is more likely to be believable or reliable than testimony by another witness?

16. Do any of you (or your close friends or relatives) now, or have you within the past five years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

17. Do any of you (or your close friends or relatives) now, or have you within the past five years, belonged to the military?

18. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. How many of you would have difficulty following this principle of law?

19. Does anybody on the jury panel know anybody else on the panel?

20. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

21. Do any of you feel that you would tend to go along with the majority of jurors

        even if you did not agree just because you were in the minority?

C.    JURY INSTRUCTIONS

Defendant respectfully requests that the Court give the following jury instructions:

I.    GENERAL INSTRUCTIONS.

| | |
|---|---|
| 1.07 | Question Not Evidence |
| 1.08 | Expert Testimony |
| 1.10 | Evaluation of Prior Inconsistent Statement |
| 1.12 | Impeachment by Proof of Conviction of a Crime – Witness |
| 1.16 | Cautionary Instruction on Publicity |
| 1.22 | A Juror's Recognition of a Witness or Other Party Connected to the Case |
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in the Case |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment Not Evidence |
| 2.07 | Inadmissible and Stricken Evidence |
| 2.08 | Burden of Proof - Presumption of Innocence |
| 2.09 | Reasonable Doubt |
| 2.10 | Direct and Circumstantial Evidence |
| 2.11 | Credibility of Witnesses |
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges Not to Be Considered |

2.26    Police Officer's Testimony

2.27    Failure of Defendant to Testify (if applicable)

II.     INSTRUCTIONS ON CHARGED OFFENSES.

The defendant is charged with a violation of 18 USC §1204.  In order to be found guilty of this charge the government must prove each of the following elements beyond a reasonable doubt:

> That from on or about November 21, 2004, Mr. Shabban removed a child from the United States, or attempted to do so; and

> That from on or about November 21, 2004, through September 25, 2006, Mr. Shabban knowingly retained a child who had been in the United States, in a place outside the United States; and

> That Mr. Shabban did so with the intent to obstruct the lawful exercise of the parental rights of Araceli Hernandez.

> A "child" means a person who has not attained the age of 16 years;

> The term "parental rights", with respect to a child, means the right to physical custody of the child, whether joint or sole (and includes visiting rights); and whether arising by operation of law, court order, or legally binding agreement of the   parties.

III.    <u>CLOSING INSTRUCTIONS</u>.

2.71    Election of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberations
(depending upon Court's practice)

2.75    Communications Between Court and Jury During Jury's Deliberations

       Respectfully submitted,


       _____/s/_____
       STEVEN J. McCOOL
       DC Bar No. 429369
       DANIEL T. MCNAMARA
       DC Bar No. 494834
       MALLON & McCOOL, LLC
       1776 K Street, NW Ste 200
       Washington, DC 20006
       (202) 393-7088

## CERTIFICATE OF SERVICE

  I hereby certify that on the 11th of June 2007, the foregoing Defendant's Proposed Preliminary Statement, Voir Dire Questions and Jury Instructions was served by electronic filing upon:

Angela Schmidt
U.S. Attorney's Office
 for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530


           _____/s/_____
           STEVEN J. McCOOL