THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO.: 06-290 (TFH)** |
| | : | |
| **KHALED MOHAMED SHABBAN,** | : | |
| also known as Khaled Rashad, | : | |
| also known as Khaled Mohamed Rashad | : | |
| Mohamed Mahmoud Shabban, | : | |
| also known as Khaled Mohamad Rashad | : | |
| Mohamed, | : | |
| also known as Mohamed Rashad Khaled, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this trial memorandum to bring to the Court's attention the following evidentiary issues that may arise in the course of the government's case-in-chief:

**Egypt's Telephone Country Code**

The charge of International Parental Kidnaping requires the government to prove that defendant removed and/or retained his child outside the United States. The government expects the evidence will show that defendant took his child from the United States to Egypt. As one means of establishing this fact, the government intends to offer into evidence recorded telephone calls to Egypt made by the mother of the child to the defendant. Pursuant to Fed. R. Evid. 201(b), the government will ask the Court to take judicial notice that the telephone country code for Egypt is "20." See United States v. Deckard, 816 F.2d 426, 428 (8th Cir. 1987)

2

(upholding court's taking judicial notice of area code serving a house); <u>Global Mfg. Group v. Gadget Universe.Com</u>, 417 F. Supp. 2d 1161, 1174 n.4 (S.D. Cal. 2006) (taking judicial notice of area code serving a city); <u>Int'l Diamond Corp. v. Parullo</u>, 13 B.R. 953, 955 (N.D. Ill. 1981) (taking judicial notice of location referred to by first three digits of zip code).

**<u>Visa Application and Passports</u>**

As additional evidence that defendant took his child to Egypt, the government also intends to offer into evidence defendant's visa application, defendant's Egyptian passports showing his arrival in Egypt and his return to the United States, and the child's United States passport showing his departure from Egypt. These documents are admissible as public records pursuant to Fed. R. Evid. 803(8). <u>See</u> <u>United States v. Pluta</u>, 176 F.3d 43, 49 (2nd Cir. 1999) (upholding admission of foreign passports under public records exception). <u>See also</u> <u>United States v. Agustino-Hernandez</u>, 14 F.3d 42, 43 (11th Cir. 1994) (holding admission of "routinely and mechanically kept I.N.S. records," including portions of appellant's I.N.S. "A-file," does not violate Rule 803(8)).

In the alternative, the visa application is admissible as an admission of the defendant, and the passports are admissible pursuant to former Fed. R. Evid. 803(24), the "residual exception" now in Rule 807, because the documents carry "circumstantial guarantees of trustworthiness." <u>See</u> <u>United States v. Brown</u>, 770 F.2d 768, 771 (9th Cir. 1985) (holding defendants' passports admissible under Rule 803(24) exception to hearsay rule where defendants had "opportunity to attack the trustworthiness of the passports").

3

**<u>Certified Business Records</u>**

During the course of the trial, the government also intends to offer into evidence certified airline records detailing the defendant's and child's travel to and from the United States and Egypt. These documents are admissible pursuant to Fed. R. Evid. 803(6) because they are records of regularly conducted business activity. See <u>United States v. Fujii</u>, 301 F.3d 535, 539 (7th Cir. 2002) (upholding admission of airline's check-in and reservation records under business records exception to hearsay rule).

The government has certified these business records through a written declaration by a qualified custodian pursuant to Fed. R. Evid. 902(11). See <u>Nat'l W. Life Ins. v. Merrill Lynch</u>, 213 F. Supp. 2d 331, 346-47 (S.D.N.Y. 2002), *overruled on other grounds*, 89 Fed. Appx. 287 (2nd Cir. 2004) (upholding admission of Rule 803(6) business records properly authenticated under Rule 902(11)). Additionally, in accordance with Fed. R. Evid. 803(6) and its authenticating counterpart Rule 902(11), the government has provided defendant with notice of intent to introduce these certified business records "sufficiently in advance of their offer into evidence" to provide defendant with a "fair opportunity to challenge them."

4

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court take judicial notice of Egypt's telephone country code and admit the above-mentioned documents into evidence when offered.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY

    _____/s/_____
    ANGELA G. SCHMIDT
    Texas Bar No. 17764980
    Assistant United States Attorney
    555 Fourth Street, N.W., 4th Floor
    Washington, D.C. 20530
    (202) 514-7273
    Angela.Schmidt@usdoj.gov