UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Crim. No. 06-290 (TFH) |
| | ) |
| KHALED MOHAMED SHABBAN, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### ORDER

For the reasons stated in the opinion delivered from the bench during the proceedings that took place on June 18, 2007, defendant's motion to suppress statements and motion to suppress tangible evidence [dkts. 11 and 26] are hereby **DENIED**. For the reasons stated during the hearing on June 15, 2007, defendant's motion to strike surplusage from the indictment [dkt. 20] is hereby **DENIED**. Also for the reasons stated during the hearing on June 15, 2007, defendant's motion for early disclosure of *Jencks* material and timely disclosure of *Brady* and *Giglio* material [dkt. 18] is hereby **DENIED**, but the government is hereby **ORDERED** to make available to defendant all *Jencks*, *Brady* and *Giglio* material after the jury is sworn. Defendant's motion for notice, pursuant to Fed. R. Crim. P. 12, of government's intention to use evidence arguably subject to suppression under Fed. R. Crim. P. 16 [dkt. 21] is hereby **DENIED** as moot because the government already provided notice of evidence it intends to use in its case-in-chief. Defendant's motion for notice of government's intention to invoke the residual exception to the hearsay rule [dkt. 22] is hereby **DENIED** as moot because the government is already under such an obligation pursuant to Fed. R. Evid. 807 and provided the notice defendant seeks. Defendant's motion for notice of government's intention to rely upon other crimes, wrongs, acts

and misconduct [dkt. 17] is hereby **DENIED** as moot because Fed. R. Evid. 404(b) already requires such notice, the government disclosed certain Rule 404(b) evidence, and the government represented that it intends to use the evidence only if defendant chooses to testify. Defendant's motion to identify witnesses with juvenile adjudications and pending juvenile proceedings and to inspect juvenile files [dkt. 19] is hereby **DENIED** as moot, as the government represented that, to its knowledge, none of its witnesses has a pending juvenile case or is under probationary supervision for juvenile matters. Defendant withdrew its motion to suppress spousal communications [dkt. 24] on June 15, 2007.

Finally, defendant's motion for a bill of particulars [dkt. 25] is hereby **DENIED** because the Court finds the indictment is presented with sufficient precision such that defendant can understand the charges, prepare a defense, and avoid double jeopardy at retrial. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

**SO ORDERED**

June 19, 2007

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Thomas F. Hogan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge