UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 06-290 (TFH) |
| | : | |
| **KHALED MOHAMED SHABBAN,** | : | |
| **also known as Khaled Rashad,** | : | |
| **also known as Khaled Mohamed Rashad** | : | |
| **Mohamed Mahmoud Shabban,** | : | |
| **also known as Khaled Mohamed Rashad** | : | |
| **Mohamed,** | : | |
| **also known as Mohamed Rashad Khaled,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S REQUEST FOR RECONSIDERATION
### OF COURT'S ORDERS GRANTING DEFENDANT'S MOTIONS
### FOR ENLARGEMENT OF TIME TO FILE MOTIONS FOR NEW TRIAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court reconsider its Orders of December 14, 2007, and December 17, 2007, granting defendant's motions for enlargement of time in which to file a motion for new trial and deny these motions as untimely filed. The government submits the following reasons in support of its request:

1.      On June 21, 2007, defendant was convicted following a jury trial of International Parental Kidnaping in violation of 18 U.S.C. § 1204(a). On December 10, 2007, defendant was sentenced to three years imprisonment for this offense.

2.      On December 13, 2007, defendant, with the assistance of stand-by counsel, filed a motion for enlargement of time in which to file a motion for new trial under Fed. R. Crim. P. 33(b)(2). The Court granted defendant's motion the following day and ordered that the motion for new trial be filed by February 11, 2008. On December 11, 2007, defendant signed a *pro se*

2

motion seeking an additional sixty days to file a motion for new trial.  The Court granted the *pro se* motion to "file supplemental motion for new trial," on December 17, 2007, but ordered that the motion be filed by January 17, 2008.[1]

      3.      Fed. R. Crim. P. 33 governs the filing of motions for new trial.  When the motion is based, as here, on grounds other than newly discovered evidence, it must be filed "within 7 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  This period runs from the date of the jury's verdict, not the date sentence is imposed.  *United States v. Lewis*, 921 F.2d 563 (5th Cir. 1991) (*per curiam*).  The Court may extend the time for filing a motion for new trial only if such motion is filed "before the originally prescribed ... time expires" or "after the time expires if the party failed to act because of excusable neglect."  Fed. R. Crim. P. 45(b)(1).

      4.      Rule 33 and Rule 45's time limits previously were considered jurisdictional and the Court's consideration of untimely Rule 33 motions thus was barred.  However, in *Eberhart v. United States*, 546 U.S. 12, 16 (2005), the Supreme Court clarified that Rules 33 and 45 are not jurisdictional, but rather "claim-processing rules."  As such, the right to the relief afforded by these rules may be forfeited when they are not properly invoked. *Id.* at 19.  In *Eberhart*, the Supreme Court held that the government had forfeited its right to raise a defense of untimeliness when it did not raise such a defense until after the District Court had reached the merits of the defendant's motion. *Id.*  Relying on *Eberhart*, the D.C. Circuit since has held, in a case involving the time limit for filing an appeal in a civil case, that "[a]lthough not jurisdictional, a claim-processing rule is nonetheless mandatory and 'district courts must observe the clear limits of [time prescriptions] when they are properly invoked.' *Eberhart*, 126 S.Ct. at 406."  *Wilburn v.*

---

[1]    The defendant's *pro se* motion was filed on December 19, 2007, and the Court's Order granting the motion was filed on December 20, 2007.

3

*Robinson*, 480 F.3d 1140, 1146 (D.C. Cir. 2007).  *See also, United States v. Singletary*, 471 F.3d 193, 196 (D.C. Cir. 2006) (government did not forfeit its objection that a criminal appeal was untimely-filed when it first raised this defense in its initial brief on appeal).

     5.     Under Rule 33(b)(2) and Rule 45(b)(1), defendant's motion for a new trial, or his request to enlarge the time for filing such a motion, should have been filed within seven days of the jury's verdict on June 21, 2007.  As such, defendant's requests on December 11, 2007, and December 13, 2007, almost six months later, that the time for filing a motion for new trial be enlarged are untimely.  The government accordingly objects to these requests and respectfully requests that the Court reconsider its Orders granting those motions.

     6.     The Court nonetheless may permit the filing of an untimely motion to enlarge time if defendant acted as a result of "excusable neglect."  Rule 45(b)(1)(B).  This determination is:

> at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include ... the danger of prejudice to the [party opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).  Moreover, "the proper focus is upon whether the neglect of [defendant] *and [his] counsel* was excusable." *Id.* at 397 (emphasis in original).

     7.     Defendant's motions do not provide any reason why a motion for new trial or a motion to enlarge the time for filing such a motion were not filed within seven days of the verdict on June 21, 2007, the date on which the time limit set forth in Rule 33 began to run.[2]

---

[2] At best, defendant's motions cite reasons for his inability to file a motion for new trial within seven days of his sentencing.  They do not explain why he failed to file a motion for new

4

Defendant at the time was represented by an attorney, and he thus is accountable for his attorney's failure to file such motions.[3] *See id.* at 396-7.

8. Rule 33(b)(2)'s strict time limits promote finality of jury verdicts. Defendant will not be prejudiced by this Court's denial of his request to enlarge time for filing a motion for new trial, as he timely has noted an appeal from his conviction, and any claims that he was unfairly convicted can be litigated in that forum.

Wherefore, the government respectfully requests that the Court reconsider its Orders of December 14, 2007, and December 17, 2007, granting defendant's motions for enlargement of time in which to file a motion for new trial and deny these motions as untimely filed.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By:  /s/
ANGELA G. SCHMIDT
Assistant United States Attorney
Texas Bar No. 17764980
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 514-7273
Angela. Schmidt@usdoj.gov

---

trial or a motion to enlarge the time for filing such a motion within the prescribed seven-day time period post-verdict.

[3] Defendant was represented by counsel until October 25, 2007.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 06-290 (TFH) |
| | : | |
| **KHALED MOHAMED SHABBAN,** | : | |
| also known as Khaled Rashad, | : | |
| also known as Khaled Mohamed Rashad | : | |
| Mohamed Mahmoud Shabban, | : | |
| also known as Khaled Mohamed Rashad | : | |
| Mohamed, | : | |
| also known as Mohamed Rashad Khaled, | : | |
| | : | |
| **Defendant.** | : | |

**O R D E R**

Upon motion of the government in the above-captioned case requesting that the Court reconsider its previous Orders granting defendant's motions for enlargement of time to file motions for new trial, and the Court having given consideration to the representations made and the authorities cited, it is hereby:

ORDERED that the Court's Orders of December 14, 2007, and December 17, 2007, granting defendant's motions for enlargement of time in which to file a motion for new trial are revoked; and,

IT IS FURTHER ORDERED that defendant's motions for enlargement of time in which to file a motion for new trial, filed on December 13, 2007, and December 19, 2007, are denied since they were untimely filed under Fed. R. Crim. P. 33(b)(2) and Fed. R. Crim. P. 45(b)(1)(A)

2

and the defendant has not established excusable neglect for their untimely filing under Fed. R. Crim. P. 45(b)(1)(B).

Dated: _____          _____
                                       THOMAS F. HOGAN
                                       United States District Court Judge